## Joseph Taylor *vs.* George Smith.

The appointment of a member of a militia company, who is not a sergeant, to be *clerk pro tem.* under the *stat.* 1834, *c.* 121, and *stat.* 1837, *c.* 276, is illegal and void, unless all the sergeants have first declined.

This was a writ of error, brought to reverse a judgment of a justice of the peace, imposing a fine upon the plaintiff in error, for neglect to attend a militia training. The facts appear in the opinion of this Court.

Taylor *v.* Smith.

*Vose & Lancaster,* for the plaintiff in error, *as to the first error,* on consideration of which alone the judgment was reversed, cited the militia act of 1837, *c.* 276, and insisted, that the appointment of *Smith,* as clerk, *pro tem.* was void, as he was not a sergeant, and there were sergeants of the company, who had not declined.

*Morrill,* for the original plaintiff, cited *st.* 1834, *c.* 121, § 12 and 16, and *st.* 1837, *c.* 276, § 3, and contended, that the provision, that the clerk should be a sergeant, applied only to the regular clerk, and not to the appointment of a clerk *pro tem.*

The opinion of the Court was drawn up by

EMERY J. — The plaintiff assigns five errors for which he asserts that the judgment complained of should be reversed. 1st. Because said justice adjudged and decided that the plaintiff was legally appointed the clerk of said company and could maintain this action.

2d. Because said justice adjudged and decided, that the limits of said company were legally proved.

3d. Because said justice adjudged and decided that the said *Taylor* was duly and legally enrolled as a member of said company, and liable to do duty therein.

4th. Because the said justice adjudged and decided that said *Taylor* was legally warned.

5th. Because said justice adjudged and gave judgment accordingly, that the defendant was liable for the penalty demanded, when by law it should have been, that the plaintiff could not maintain this action.

We are satisfied that a fair construction of the 12th and 16th sections of the *stat.* 1834, *c.* 121, and *stat.* 1837, *c.* 276, *sec.* 3, authorizes us to consider that the first error is well assigned. By the twelfth section, the clerk is required to be one of the sergeants of the company, and by the sixteenth section, in case of sickness, absence, or other inability of the clerk of the company, the commanding officer is authorized to appoint a clerk *pro tem.* From the exceptions allowed by the magistrate it appears that it was proved by the captain, called as a witness by the plaintiff, that the plaintiff was not sergeant, and that there were three sergeants in the company at the time of the appointment of the plaintiff as

clerk *pro tem.* and that the captain did not offer it to any other person than the plaintiff. We deem this to have been an unwarrantable exercise of the right of appointment. And for this cause the judgment must be reversed.

We believe that the provision in the 16th section of *stat.* 1834, and the 3d section of *stat.* 1837, is not intended to justify the appointment of any member as a clerk *pro tem.* unless all the sergeants had first declined.

It is unnecessary to pronounce any thing as to the other errors assigned.

*Judgment reversed.*